IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MERCATUS GROUP LLC, | ) | |
| Plaintiff, | ) | No. 07 C 2042 |
| v. | ) | |
| LAKE FOREST HOSPITAL, et al., | ) | JUDGE MANNING |
| | ) | |
| Defendants. | ) | |

## THE VILLAGE DEFENDANTS' MOTION FOR RULE 54(B) CERTIFICATION

The Village of Lake Bluff ("*Village*") and three of its Trustees, defendants David Barkhausen, Rick Lesser, and Michael Peters ("*Trustee Defendants*"), through their attorneys Holland & Knight LLP, now move for the entry of final judgment in favor the Village Defendants. The entry of final judgment meet the standards set forth in FRCP 54(b) and will provide certainty to the Village Defendants regarding their status in this case. In support, the Village Defendants state as follows:

1. On November 15, 2007, the Court issued its Memorandum and Order (the "Opinion"). The Opinion granted the Village Defendants' motion to dismiss in its entirely and all claims against the Village Defendants have been resolved.

2. Fed. R. Civ. P. 54(b) allows for the entry of final judgment when less than all of the claims *or* parties have been dismissed. Specific to this case, Rule 54(b) provides that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer that all of the [ ] parties." Final judgment may be entered "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

3. Entry of final judgment in this case is clearly authorized under Rule 54(b) as the Village Defendants have been completely dismissed from the case. *See, e.g., Greenwell v. Aztar Indian Gaming Corp.*, 268 F.3d 486, 490 (7th Cir. 2001) ("dismissal of the third-party claim let the doctors out of the case, thus satisfying the 'fewer than all of the . . . parties' provision of Rule 54(b) and making that dismissal a final, immediately appealable judgment. So their appeal is secure."); *Vajk v. Galvin*, 1999 WL 753944 (N.D. Ill. 1999) (Shadur) (invoking Rule 54(b) when seven of nine defendants were dismissed from case).[1] And once the criteria for a Rule 54(b) "final judgment" has been met, the Court "has the discretion to decide whether to enter judgment on a portion of the case." *Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431, 1433 (7th Cir. 1992).

4. When a party or parties have been fully dismissed, the rationale for entering a final judgment is clear: "to minimize the uncertainty about who is in and who is out of the case." *Lawyers Title Insurance Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997). *See also Continental Casualty Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999) ("the purpose of Rule 54(b) in allowing the entry of judgment for or against a party in a multiparty case . . . is to enable a party (and its adversaries) to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it."); *G.M. Harston Construction Co., Inc. v. City of Chicago*, 2005 WL 3605268 (N.D. Ill. 2005) (Moran) (where court granted the motion of

---

[1] It may well be that the "separate claim" criteria of Rule 54(b) has also been met as the constitutional zoning claims directed against the Village Defendants are distinct from the anti-trust claims against the Hospital. However, application of the "separate claim" test includes a detailed analysis regarding overlapping of claims. *See, e.g., Lawyers Title Insurance Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997). While the Village Defendants believe that no overlap exists here, the "separate party" analysis provides a quicker path and the Court may enter final judgment on that basis alone.

2

several individual city officials, entry of Rule 54(b) judgment was proper as "they are entitled to know if they are going to be drawn back into the active defense of this litigation.")

5. The "certainty" rationale is appropriate here and justifies the entry of a Rule 54(b) final judgment. The anti-trust portion of the case continues against the Hospital and may continue for some time. The Village Defendants are currently out of the case and are entitled to know, in the short run, if they are truly finished with this litigation. There is no just reason to delay entry of a final judgment in favor of the Village Defendants. Therefore, the Court should exercise its discretion and enter such a judgment with appropriate language.

Dated: December 3, 2007   By: _____/s/ Peter M. Friedman_____
                                  One of their attorneys

Peter M. Friedman
Adam M. Kingsley
Holland & Knight LLP
131 S. Dearborn, 30th Floor
Chicago, Illinois 60661
(312) 263-3600

# 4970729_v1